James B. Conte, Esq. (CA Bar No.  163515)
Ladas & Parry LLP
224 South Michigan Avenue
Suite 1600
Chicago, Illinois 60604
Phone:  (312) 427-1300
Fax:  (312) 427-6668
Email jconte@ladas.net

Elizabeth Linford, Esq.( CA Bar No.  204716)
Ladas & Parry LLP
5670 Wilshire Boulevard
Los Angeles, California 90036
Phone:  (323) 934-2300
Fax:  (323) 934-0202
Email: elinford@la.ladas.com

Attorneys for Plaintiff
NEW MILANI GROUP, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| NEW MILANI GROUP, INC. a California corporation,<br><br><br>Plaintiff<br><br><br>v.<br><br>MILANA ASLANI, an Individual, d/b/a/ MILLY COSMETICS, a resident of California | Case No.  17-cv-2791<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF:**<br><br>**(1) TRADEMARK INFRINGEMENT UNDER  15 U.S.C. § 1114;**<br>**(2) TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c);**<br>**(3) UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)**<br>**(4) UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE §§ 17200 AND COMMON LAW**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, NEW MILANI GROUP, INC. complains and alleges against MILANA ASLANI, an Individual, on information and belief, d/b/a MILLY COSMETICS, having a place of business at 26831 Ruether Avenue, Suite R, Santa Clarita, California  91531 as follows:

## JURISDICTION AND VENUE

1.      This action arises under the federal trademark statute (the "Lanham Act"), 15 U.S.C. § 1051 *et seq*., and under the laws of California. This Court has subject matter jurisdiction over the claims in this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 (a), 1338(b) and 1367(a) because the claims stated herein arise under the laws of the United States or are related to such claims and are part of the same case or controversy.

2.      Venue properly lies within this judicial district  under 28 U.S.C. §§1391 (b) because the Defendant has extensive contacts with, and conducts business within the State of California and this Judicial District; Defendant has caused MILANA products to be advertised promoted and sold in this judicial district; the causes of action asserted in the complaint arise out of Defendant's contacts with this judicial district; and because Defendant has caused tortious injury to Plaintiff in this judicial district.

3.      Plaintiff is informed and believes and on that basis alleges that this Court has personal jurisdiction over Defendant because she has extensive contacts with, and

conducts business within the State of California and this Judicial District; Defendant has caused MILANA products to be advertised promoted and sold in this judicial district; the causes of action asserted in the complaint arise out of Defendant's contacts with this judicial district; and because Defendant has caused tortious injury to Plaintiff in this judicial district.

## PARTIES

4.      Plaintiff, NEW MILANI GROUP, INC.  (NEW MILANI) is a corporation, organized under the laws of California, with its principal place of business located at 2111 E. 49th Street Los Angeles, California  90058.

5.      Defendant, MILANA ASLANI, an Individual, on information and belief, d/b/a/ MILLY COSMETICS has a place of business located at 26831 Ruether Avenue, Suite R, Santa Clarita, California  91351

## FACTS COMMON TO ALL CAUSES OF ACTION

6.      NEW MILANI has, for many years, been engaged in processing, packaging and otherwise selling a variety of cosmetics in this District, in the United States and internationally.

7.      For many years NEW MILANI has sold under its mark MILANI, and MILANI (Stylized) cosmetics at retail and in traditional electronic media, and has incurred expenses associated with its advertising and promotional efforts in support of said marks and has extensively used the mark MILANI in commerce in the United States since at least as early as 1993.

8.     NEW MILANI owns United States Federal Trademark Reg. No. 4669956 for MILANI (Stylized) covering cosmetics with a date of first use in commerce of March of 2001. NEW MILANI has also established common law rights in MILANI for cosmetics.  The marks are herein collectively MILANI MARKS.  A copy of the registration is attached as Exhibit 1.  A copy of NEW MILANI'S web page offering for sale cosmetics in connection with the MILANI MARKS is attached as Exhibit 2.

9.     By reason of NEW MILANI'S use, promotion and dissemination of its goods, its MILANI MARKS have acquired recognition, and the relevant trade and public has come to recognize the marks as being a source indicator of and signifying NEW MILANI. Through this use and promotion and due to the favorable recognition of the MILANI MARKS, the MILANI MARKS have become recognized as a designation of origin for cosmetics.

10.    Notwithstanding Plaintiff's prior established rights in its MILANI MARKS Defendant commenced the production, labeling, sale and offering for sale of cosmetics, including without limitation lipsticks and false eyelashes under the trademark MILANA.  A copy of a web page offering for sale MILANA cosmetics is attached as Exhibit 3. A copy of photographs showing product bearing the MILANA mark is attached as exhibit 4.

11.    MILANA cosmetics are sold and offered for sale under circumstances which cause a likelihood of confusion, mistake or deception of a not insignificant number of prospective purchasers into believing that there is some affiliation,

4

association or common source of sponsorship with NEW MILANI and NEW MILANI'S MILANI MARKS.

12.    Persons familiar with NEW MILANI'S  MILANI MARKS and business are likely to be confused, mistaken and/or to be deceived upon seeing Defendant's use of MILANA and are therefore likely to believe that Defendant's business and products are endorsed by, sponsored by, or emanate from, or in some way is connected with NEW MILANI or with the MILANI MARKS.

13.    NEW MILANI will be unable to police the nature and quality of the cosmetic products sold by Defendant under the complained of mark at issue or of variations thereof.  The sale or offer for sale by Defendant of cosmetics, and the receipt of funds solicited under the mark MILANA will also blur and diminish the distinctive quality of NEW MILANI'S MILANI MARKS and lessen its capacity to identify and distinguish the products and services of NEW MILANI.

14.    Use by Defendant of the mark MILANA is without NEW MILANI's consent or permission.

15.    Upon information and belief Defendant, since at least October 2016, with knowledge of Plaintiff's MILANI MARKS and in willful disregard of NEW MILANI'S rights, is engaging in a deliberate course of conduct designed to appropriate the goodwill associated with NEW MILANI'S MILANI MARKS.

16.    Defendant has, on information and belief, since at least October 2016, intentionally and willfully attempted to trade upon the goodwill of NEW MILANI.

17.     Defendant's use of the MILANA mark, name and content which is confusingly similar to NEW MILANI'S MILANI MARKS will irreparably harm Plaintiff by diminishing the reputation and goodwill of NEW MILANI'S MILANI MARKS.

18.     The public association of the MILANI MARKS with NEW MILANI'S cosmetics is sufficiently great that the use by another of the mark at issue under the circumstances at issue for Defendant's cosmetics will inevitably or likely cause the trade or consumers to believe that it is produced, authorized, licensed, or sponsored by NEW MILANI or that it is somehow connected with NEW MILANI.

### FIRST CAUSE OF ACTION
### (Federal Trademark Infringement under 15 U.S.C. § 1114 and the Common Law, against Defendant Milana Aslani)

19.     Plaintiff hereby incorporates by reference each and every allegation contained in the paragraphs above as if fully stated herein.

20.     The actions of Defendant described above and specifically without limitation, her unauthorized use of the MILANA mark in commerce to advertise, promote, market, and sell cosmetics throughout the United States including California, constitute trademark infringement in violation of 15 U.S.C. § 1114 and the common law.

21.     The actions of Defendant, if not enjoined, will continue. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the mark, and injury to Plaintiff's business.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116 and the common law.

22.     Pursuant to 15 U.S.C. § 1117 and the common law, Plaintiff is entitled to recover damages in an amount to be determined at trial, profits made by Defendant on sales of MILANA cosmetics, and the costs of this action.  Furthermore, Plaintiff is informed and believes, and on that basis alleges, that the actions of Defendant since at least October 2016 were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION
### (Federal Trademark Dilution under 15 U.S.C. §1125(c), against Defendant Milana Aslani)

23.     Plaintiff hereby incorporates by reference each and every allegation contained in the paragraphs above as if fully stated herein.

24.     The actions of Defendant described above and specifically, without limitation, her unauthorized use of the MILANA mark in commerce to advertise,

7

market, and sell cosmetics throughout the United States including California, are likely to cause dilution by blurring and tarnishment in violation of 15 U.S.C. § 1125(c).

25.     The actions of Defendant, if not enjoined, will continue.  Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the MILANI MARKS, and injury to Plaintiff's business.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. §1116.

26.     On information and belief, the actions of Defendant since at least October of 2016 were and continue to be deliberate and willful.  Plaintiff is therefore entitled to recover damages in an amount to be determined at trial, profits made by Defendant on sales of MILANA cosmetics and the costs of this action pursuant to 15 U.S.C. § 1117.

### THIRD CAUSE OF ACTION

### (Federal Unfair Competition 15 U.S.C. § 1125(a), against Defendant Milana Aslani)

27.     Plaintiff hereby incorporates by reference each and every allegation contained in the paragraphs above as if fully stated herein.

28.     Defendant's actions described above and specifically, without limitation, Defendant's use of the MILANA trademark in commerce to advertise, market, and sell cosmetics throughout the United States including California constitute unfair competition in violation of 15 U.S.C. § 1125(a).

8

29.     The actions of Defendant, if not enjoined, will continue.  Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the MILANI MARKS, and injury to Plaintiff's business.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. §1116.

30.     Pursuant to 15 U.S.C. §1117, Plaintiff is entitled to damages for Defendant's Lanham Act violations, an accounting for profits made by Defendant on sales of cosmetics, as well as recovery of the costs of this action.  Furthermore, Plaintiff is informed and believes, and on that basis alleges, that Defendant's conduct since at least October 2016 was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Plaintiff to recover additional damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## FOURTH CAUSE OF ACTION

### (Unfair Competition under California Business and Professions Code § 17200 and the Common Law, against Defendant Milana Aslani)

31.     Plaintiff hereby incorporates by reference each and every allegation contained in the paragraphs above as if fully stated herein.

32.     Defendant's actions described above and specifically, without limitation, Defendant's use of the MILANA mark in commerce to advertise, market, and sell cosmetics throughout the United States and California constitute trademark

infringement, false advertising, and unfair competition in violation of the laws of the State of California.

33. By these actions, Defendant has engaged in unfair competition in violation of the law of the state of California, Cal. Bus. & Prof. Code § 17200 and the common law and, as a result, Plaintiff has suffered and will continue to suffer damage to its business, reputation, and goodwill.

34. As a direct and proximate result of Defendant's actions, which have been willful and intentional since at least October of 2016, Plaintiff has suffered damages in an amount to be determined at trial and, unless Defendant is restrained, Plaintiff will continue to suffer irreparable damage.

35. Plaintiff is entitled to injunctive relief.

36. Plaintiff is further entitled to recover from Defendant its actual damages to be proven at trial as a result of Defendant's wrongful conduct.

37. Plaintiff is still further entitled to recover from Defendant the gains, profits, and advantages Defendant has obtained as a result of Defendant's wrongful conduct, all to be proven at trial.

38. Because of the willful nature of Defendant's wrongful conduct, Plaintiff is entitled to an award of punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendant as follows:

1.      For damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. § 1114/Lanham Act § 43(a);

2.      For damages in an amount to be proven at trial for unfair competition under 15 U.S.C. § 1125(a);

3.      For damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. § 1125(c);

4.      For damages to be proven at trial for common law unfair competition;

5.      For damages in an amount to be proven at trial for unfair, fraudulent and illegal business practices under Cal. Bus. & Prof. Code § 17200;

6.      For disgorgement of Defendant's profits under 15 U.S.C. § 1117(a);

7.      For injunctive relief barring Defendant and its agents, employees, subsidiaries, licensees, successors, and assigns, and all other persons in active concert, privity or participation with it, from doing, abiding, causing or abetting any direct or indirect use of the mark MILANA or any confusingly similar trademarks in any way, including in advertising, promoting, or selling Defendant's products and services, which infringe upon Plaintiff's rights or compete unfairly with Plaintiff;

8.      For an order from the Court requiring that Defendant provide complete accountings and for equitable relief, including that Defendant disgorge and return or

pay their ill-gotten gains obtained from the illegal transactions entered into or as equity requires;

9.   For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendant's possession which rightfully belong to Plaintiff;

10.   For destruction of the infringing articles in Defendant's possession under 15 U.S.C. § 1118;

11.   For all costs of suit and attorney's fees; and

12.   For such other and further reliefs as the Court may deem just and equitable.

Dated: April 12, 2017                    LADAS & PARRY LLP


                                         By:   /s/ James Conte
                                               James B. Conte
                                               Elizabeth Linford

                                               *Attorneys For Plaintiff*
                                               NEW MILANI GROUP, INC.

### REQUEST FOR JURY TRIAL

Plaintiff requests trial by Jury on all issues so triable.

Dated: April 12, 2017          By:   /s/ James Conte
                                     James B. Conte
                                     Elizabeth Linford

                                     *Attorneys For Plaintiff*
                                     NEW MILANI GROUP, INC.